# TEXAS & PACIFIC RAILWAY COMPANY *v.* PRATER.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 211. Submitted April 15, 1913.—Decided May 26, 1913.

There being evidence to sustain the verdict that plaintiff was not guilty of contributory negligence, the court below properly denied a motion to direct a verdict for the defendant, and this court affirms the judgment with ten per cent. damages.

183 Fed. Rep. 574, affirmed.

THE facts, which involve the validity of a verdict and judgment against a railroad company for personal injuries sustained by one of its employés, are stated in the opinion.

*Mr. W. L. Hall* for plaintiff in error.

*Mr. C. C. Prater, pro se,* and *Mr. A. W. Gregg* for defendant in error.

Memorandum opinion, by direction of the court, by MR. JUSTICE LAMAR.

The plaintiff, a locomotive engineer, sued for personal injuries resulting from a collision with a freight train

which had been left standing, without danger signals, on the track in the defendant's railroad yard at Thurber Junction, Texas. The company contended that he had been guilty of contributory negligence in failing to keep a lookout, in running at a high rate of speed, and disregarding rules requiring the engineer to keep the locomotive under control in anticipation that cars might be on the tracks within yard limits. The evidence for the plaintiff tended to show that he was in the exercise of proper diligence; that from his position on the right of the locomotive he could look straight down the track, but on account of the height of the boiler, could not see the freight train, which was standing on a curve, which there turned to the left; that it was about dark and the freight train having no danger signals, and being out of range of the headlight, was not seen by the fireman, on the left of the engine, until too late to avoid the collision, although the emergency brake was applied as soon as he saw the danger and gave warning to the engineer.

The defendant offered evidence tending to show that the speed exceeded that permitted in the yard limits and that the freight train could have been seen in time to stop if proper lookout had been kept. From the physical condition proved, and the whole evidence, the company moved the court to direct a verdict in its favor. The motion was overruled and the jury found for the plaintiff. There was no exception to the charge, but the case was taken to the Circuit Court of Appeals on the ground that, from the undisputed evidence, the plaintiff was shown to have been guilty of contributory negligence. That court held (183 Fed. Rep. 574) that though the evidence was conflicting that for the plaintiff was sufficient to sustain the verdict. In that view we fully concur; and, as there is no question of law involved, the judgment is affirmed with ten per cent. damages.

*Affirmed.*